**Document Electronically Filed**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES,<br><br>v.<br><br>LOUIS BARRETTA,<br>Defendant | CRIM NO. 19-71-RBS |

**BRIEF OF DENFENDANT LOUIS BARRETTA IN SUPPORT OF PRETRIAL MOTIONS**

On the brief:

**Rocco C. Cipparone, Jr., Esquire**
*Law Offices of Rocco C. Cipparone, Jr.*
*www.CipparoneLaw.com*
205 Black Horse Pike
Haddon Heights, NJ 08035

**TABLE OF CONTENTS**

I.   A PRE-TRIAL HEARING AS TO THE ADMISSIBILITY OF CO-CONSPIRATOR STATEMENTS AND THE EXISTENCE OF A CONSPIRACY IN WHICH DEFENDANT BARRETTA'S MEMBERSHIP IS ALLEGED IS WARRANTED 2

II.  THE COURT SHOULD GRANT A SEVERANCE OF TRIAL PURSUANT TO FED.R. CRIM. P. 14.OF DEFENDANT BARRETTA FROM THAT OF CODEFENDANTS AS TO CHARGES CONTAINED IN COUNTS 3, 4 AND 5 AGAINST ONLY THE CODEFENDANTS ................................. 5

III. THE COURT SHOULD ORDER THE GOVERNMENT TO REVIEW AND PRODUCE ANY AND ALL IMPEACHMENT MATERIAL CONTAINED IN EACH TESTIFYING LAW ENFORCEMENT OFFICER'S PERSONNEL AND INTERNAL AFFAIRS FILE ........................................................ 9

IV.  THE GOVERNMENT SHOULD BE REQUIRED PROMPTLY TO DISCLOSE ANY ADDITIONAL PRIOR OR OTHER CONDUCT EVIDENCE IT INTENDS TO USE AT TRIAL .................................................. 10

V.   THE COURT SHOULD ORDER THE GOVERNMENT AGENTS TO PRESERVE ALL ROUGH NOTES OF INVESTIGATION AND DRAFT REPORTS, AND TO DISCLOSE SUCH TO THE COURT FOR FURTHER REVIEW ............... 13

VI.  THE COURT SHOULD SUPPRESS ALL INFORMATION, RECORDINGS AND DATA OBTAINED FROM WIRETAPS OF TELEPHONE NUMBER ███████-7910 BECAUSE OF FAILURE TO PROVIDE NOTICE WIHTIN THE TIME PERIOD REQUIRED BY 18 U.S.C. § 2518(8)(d) ........................... 16

VII. DEFENDANT BARRETTA SHOULD BE PERMITTED TO JOIN IN ALL APPLICABLE MOTIONS FILED BY HIS CODEFENDANT .................. 18

VIII. DEFENDANT BARRETTA SHOULD BE PERMITTED TO FILE ADDITIONAL MOTIONS IF NECESSARY OR APPLICABLE ................ 18

I.  **A PRE-TRIAL HEARING AS TO THE ADMISSIBILITY OF CO-CONSPIRATOR STATEMENTS AND THE EXISTENCE OF A CONSPIRACY IN WHICH DEFENDANT BARRETTA'S MEMBERSHIP IS ALLEGED IS WARRANTED**

The government will seek to introduce evidence of a RICO Conspiracy, lasting from at least in or about August 2015, up through and including November 18, 2020. Ind. Count 1 ¶ 11. Much of that evidence likely will consist of wiretapped conversations between various alleged members of the conspiracy, the vast majority of which conversations do not involve, mention, or allude to Louis Barretta. Mr. Barretta seeks a pre-trial hearing at which the government should be required to make a threshold showing of the existence of the conspiracy and Mr. Barretta's membership therein, prior to putting Mr. Barretta on trial with all manner of co-conspirator hearsay statements being conditionally admitted against him. Without such a required pre-trial showing, a mass of ultimately inadmissible co-conspirators statements threatens to deprive Mr. Barretta of a fair trial.

Federal Rule of Evidence 801(d)(2)(E) governs the admissibility of co-conspirator's out-of-court statements as against other members of the alleged conspiracy. The Rule requires that the government prove the existence of a conspiracy prior to co-conspirator statements qualifying as non-hearsay. See Rule 801(d)(2)(E). To qualify as non-hearsay, the government must first establish by a preponderance of the evidence that (1)

2

there was a conspiracy involving the defendant and (2) that statement was made during the course of an in furtherance of the conspiracy. *Bourjaily v. U.S.*, 483 U.S. 171, 175 (1987); *U.S. v. Gambino*, 926 F. 2d 1355, 1360 (3d Cir. 1991). The proffered co-conspirator statements may be considered on the issue of whether the threshold showing has been made, but the statements in issue may not by themselves establish the existence of the conspiracy nor the challenging defendant's participation in it. R. Evid. 801(d)(2)(E). "'[T]he prosecution must lay a foundation for the admission of coconspirator hearsay by establishing the existence of a conspiracy including the defendant by 'a fair preponderance of independent evidence.'" *U.S. v. Ammar*, 714 F.2d 238, 247 (3d Cir. 1983)(citing *U.S. v. Trotter*, 529 F.2d 806, 811 (3d Cir. 1976)).

Although the order of proof at trial is of course within the sound exercise of the Court's discretion, "the danger of prejudice to the defendant inherent in the practice of admitting coconspirator declarations, otherwise hearsay, subject to later proof of the requisite conspiracy, dictates that the practice be carefully considered and sparingly utilized by the district courts." *U.S. v. Continental Group, Inc.*, 603 F.2d 444, 457 (3d Cir. 1979).  Indeed,

> there is a real danger in a conspiracy trial
> involving numerous defendants that the jury
> may find a particular defendant guilty

3

> merely because of his association with the other defendants. … One aspect of this danger is that the trial judge, after admitting hearsay declarations of alleged coconspirators subject to later connection, may find at the close of all the evidence that the government has not borne its burden of proving by independent evidence that those declarations were made during the course and in furtherance of a conspiracy joined in by both the defendant and the declarant. Cautionary instructions to the jury might not suffice to cure the resulting prejudice to the defendant.

*Continental Group, Inc.*, 603 F.2d at 456. A "district court should, whenever reasonably practicable, require the showing of a conspiracy and of the connection of the defendant with it **before admitting declarations of a coconspirator**." *U.S. v. James*, 590 F.2d 575, 582 (5th Cir. 1979). At such hearing, the government must establish three things in order to show that the words meet the co-conspirator non-hearsay requirement: (1) a conspiracy existed; (2) the declarant and the defendant participated in the conspiracy; (3) the words were said in furtherance of the conspiracy. *James*, 590 F.2d at 582-83.

This Court should order a pretrial hearing (a "*James*" hearing) as to the connectivity of alleged coconspirator statements to be introduced in evidence at trial by the government. That process will avoid the need for a mistrial or what axiomatically will be an ineffective curative instruction given the prejudicial impact of otherwise inadmissible

4

statements, and therefore will promote judicial economy. In the alternative, the Court should order the government to refrain from offering co-conspirator hearsay until it has satisfied at trail the requirements of Rule 801(d)(2)(E).

**II. THE COURT SHOULD GRANT A SEVERANCE OF TRIAL PURSUANT TO FED.R. CRIM. P. 14.OF DEFENDANT BARRETTA FROM THAT OF CODEFENDANTS AS TO CHARGES CONTAINED IN COUNTS 3, 4 AND 5 AGAINST ONLY THE CODEFENDANTS**

Defendant Barretta is presently set to be tried along with codefendants Steven Mazzone, Salvatore Mazzone, and Joseph Malone regarding Count 1 (Racketeering Conspiracy in violation of 18 U.S.C. § 1962(d)), and Count 2 (Conducting an Illegal Gambling Business in violation of 18 USC. § 1955). Importantly, the above-outlined counts against Louis Barretta are joined for trial with the following counts of the indictment which charge only codefendants and not Barretta:

- **Count 3** - alleging a violation of 18 U.S.C. § 892 regarding an alleged conspiracy between Steven Mazzone, Joseph Malone, and John Romeo to make extortionate lines of credit;

- **Count 4** - alleging a violation of 18 U.S.C. §§ 1951 regarding an alleged conspiracy between Steven Mazzone, Domenic Grande, Kenneth Arabia to commit Hobbs Act extortion.

- **Count 5** - alleging a violation of 18 U.S.C. §§ 1951 regarding an alleged conspiracy between Steven Mazzone, Domenic Grande, Kenneth Arabia and Daniel Castelli to commit Hobbs Act extortion.

5

Mr. Barretta should be granted relief from this prejudicial joinder. *See U.S. v. Eufrasio*, 935 F.2d 553, 568 (3d Cir. 1991); *U.S. v. Jones*, 913 F.2d 1552, 1562 (11th Cir. 1990) (both stating that Rule 14 provides remedy for prejudicial joinder even though joinder was proper under Rule 8). Federal Rule of Criminal Procedure 14 provides in pertinent part:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant …, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14.

In determining whether severance should be granted under Rule 14, the Court must balance the potential for prejudice against the defendant resulting from the joint trial, against concerns for judicial economy. *U.S. v. Sandini*, 888 F.2d 300, 305 (3d Cir. 1989), *cert. denied*, 494 U.S. 1089 (1990). Although the Third Circuit has stated that when defendants are indicted jointly <u>and</u> the defendants are charged in a single conspiracy, judicial economy generally favors a joint trial (*Sandini*, 888 F.2d at 305; *Eufrasio*, 935 F.2d at 569), here a hybrid situation exists. Defendant Barretta is charged in a RICO conspiracy (Count 1) and an illegal gambling conspiracy (Count 2) along with various of the above-referenced codefendants, but also there is substantial evidence applicable to those codefendants

6

which will be presented at a joint trial that will not overlap in a separate trial of defendant Barretta. The balance clearly tips in favor of severance because of the inextricable prejudice Mr. Barretta would suffer from the evidence presented in a joint trial that would not be admissible in a trial in which he is severed from trial of his codefendants.

Defendant Barretta is not charged in any conspiratorial or other activity related to making extortionate extensions of credit, or to the Hobbs Act Extortion charges, which carry with them allegations of physical violence or threats thereof. There is no connection between the charges against Barretta and the additional charges levied against his co-defendants in Counts 3, 4 and 5. Consequently, a severance should be granted because Defendant Barretta will be unduly prejudiced by a joint trial. The government has produced no discovery supporting that Louis Barretta engaged in, conspired to commit (or have others commit), or even foresaw alleged acts of violence in furtherance of any conspiracy of which he allegedly was a member. Indeed, the fact that Mr. Barretta is not the subject of any such allegations in the factually detailed indictment, and is not charged in any of the substantive counts alleging threats of violence, violence, or extortionate credit extensions (loan sharking) comparative to his trial codefendants, is telling.

The charges in Counts 4 and 5 involve allege violent behavior (or threats of such) by joined codefendants, not by defendant Barretta. No discovery has revealed that there will be any evidence that Mr. Barretta participated in or even knew about such conduct/threats; that he knowingly agreed to such as part of his alleged conspiracy participation; or that such were foreseeable to him. Further, even the RICO conspiracy charge contained in Count 1 <u>at a joint trial</u> would involve presentation of evidence solely against codefendants in no way implicating of or foreseeable to Mr. Baretta. At a minimum a limiting instruction would be required as to such evidence inadmissible against Barretta. For example, the indictment in Count 1 paragraph 79 alleges that "at the direction of defendant JOSEPH MALONE, defendant John Romeo made threats of violence to A.F., a person known to the grand jury, in an attempt to collect an unlawful loansharking debt that A.F. owed to ROMEO and MALONE." Ind. Count 1 ¶ 70. At a separate trial, that offending and unfairly prejudicial evidence to Mr. Barretta can be excised as it was not counseled, approved by, or foreseeable to him. At a joint trial a limiting instruction would be ineffective. The petit jury will be unable to separate the evidence of alleged activities and more limited conspiratorial scope and foreseeability of Mr. Barretta, from the alleged activities conducted by his co-defendants involving violence, threats of

8

violence, and extortion crimes and acts charged against them and not Mr. Barretta.

The undue prejudice results from the implication that the gambling activity and collection of money necessarily pairs with violence. No limiting instruction could prevent that unfair result under these circumstances. Requiring Mr. Barretta to participate in a joint trial would violate his right to a fair trial under the Sixth Amendment. The Court should grant a severance.

### III. THE COURT SHOULD ORDER THE GOVERNMENT TO REVIEW AND PRODUCE ANY AND ALL IMPEACHMENT MATERIAL CONTAINED IN EACH TESTIFYING LAW ENFORCEMENT OFFICER'S PERSONNEL AND INTERNAL AFFAIRS FILE

The government of course is required to provide any evidence favorable to the defendant that is material either to guilt or to punishment, and is within the possession or control of the attorney for the government. *Brady v. Maryland*, 373 U.S. 83, 87 (1963); *U.S. v. Starusko*, 729 F.2d 256, 260 (3d Cir. 1984). That includes impeachment material. *Giglio v. U.S.*, 405 U.S. 150, 154 (1972). It is anticipated that law enforcement officers will testify at evidentiary hearings and/or trial. This motion applies to any such witnesses.

The government should be required to obtain and to review the personnel and other files regarding each law enforcement witness, and immediately to produce to counsel for Louis

9

Barretta, any documents and information contained in such files that is impeaching to the witness' credibility. *See U.S. v. Bagley*, 473 U.S. 667, 676 (1985) and Giglio, 405 U.S. at 154 (1972). Mr. Barretta's Sixth Amendment rights to confrontation and compulsory process also mandate access those type materials contained in law enforcement officer's personnel files. See *Commonwealth v. Mejia-Arias*, 734 A.2d 870, 874-876 (Pa. Super. 1999). Because the personnel and internal affairs files are not something to which the defense has access and are exclusively in the control of law enforcement agencies, the burden of obtaining such files and providing them for the Court's in camera review should fall to the government.

Pre-trial disclosure to the defense of impeachment information is critical to safeguard the Mr. Barretta's Due Process rights. Early pre-trial disclosure is necessary to enable the defense to conduct effective pre-trial investigation, to assess and to pursue appropriate defenses, and fully to test the validity, admissibility and credibility of the government's evidence and witnesses.

### IV. THE GOVERNMENT SHOULD BE REQUIRED PROMPTLY TO DISCLOSE ANY ADDITIONAL PRIOR OR OTHER CONDUCT EVIDENCE IT INTENDS TO USE AT TRIAL

The Court should enter an Order requiring the government to disclose immediately, evidence of any prior or other acts by

defendant Barretta and any of his alleged codefendants and alleged coconspirators, which it intends to use at trial either as evidence in its case-in-chief, impeachment evidence, or potential rebuttal evidence. As to any such evidence, unless the Court for good cause shown specifically orders otherwise, Federal Rule of Evidence 404(b) a prosecutor must "(A) provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it; (B) articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and (C) do so in writing before trial …." Fed. R. Evid. 404(b) (emphasis added). Without such notice, the evidence is inadmissible. Fed. R. Evid. 404(b)(3). A notice requirement was added to Fed. R. Evid. 404(b) to "reduce surprise and promote early determination regarding the admissibility of the evidence. . . [and is required] regardless of how [the prosecution] . . . intends to use the extrinsic act evidence at trial, i.e., during its case-in-chief, for impeachment, or for possible rebuttal." Fed. R. Evid. 404(b) advisory committee's note (1991 Amendment).

Once prior or other acts are disclosed, the Court must determine whether they are admissible. The Court must balance the probative value of the evidence against its prejudicial character. Considering the complexity of the relevant analysis

11

which the Court must conduct, the powerful prejudicial impact of other crimes or acts evidence, and the need for fundamental fairness, the Court's determination concerning this issue should be made prior to trial. That procedure has been applied by various courts and is recommended by leading authorities. *See* 3 Weinstein & Berger, *Weinstein's Evidence*, par. 608 [05], p. 608-30 (1978). *See also U.S. v. Puco,* 453 F.2d 539, 541 (2d Cir. 1971) (trial court has discretion to make advance ruling precluding use of prior conviction evidence based on possibility of unfair prejudice); *U.S. v. Provenzano*, 620 F.2d 985 (3d Cir. 1980) (on motion *in limine*, court excluded one prior conviction which was too prejudicial and not probative of truthfulness); *U.S. v. Cavender*, 578 F.2d 528 (4th Cir. 1978). *See generally* Fed. R. Evid. 404(b) advisory committee note (1991 Amendment) (nothing in rule precludes court from requiring government to provide it with opportunity to rule *in limine* before 404(b) evidence is offered or mentioned during trial).

Therefore, the defendant requests an Order that requires the government to disclose prior to trial and in reasonable, sufficient time for the defendant to meaningfully investigate and to evaluate it (and perhaps address it in additional motions), evidence of any other alleged prior or other conduct by the defendant which the government intends to use as either direct proof of illegal conduct, as impeachment material, or as

12

potential rebuttal evidence, and a hearing to determine the admissibility of any such evidence.

**V.  THE COURT SHOULD ORDER THE GOVERNMENT AGENTS TO PRESERVE ALL ROUGH NOTES OF INVESTIGATION AND DRAFT REPORTS, AND TO DISCLOSE SUCH TO THE COURT FOR FURTHER REVIEW**

Defendant Louis Barretta respectfully requests that the Court order that all government agents[2] preserve their rough notes a of investigation regarding any and all incidents at all related to this case, whether or not such notes served as the basis for a formal report of investigation, and including but not limited to notes of surveillance, document or tape review, witness and informant interviews. In addition, Mr. Barretta requests that the Court order that all government agents preserve their drafts of reports even if final typed versions of such reports have been prepared. Finally, Mr. Barretta requests that the Court order that the government turn over all such notes and draft reports for the Court's review and determination whether they should be produced to the defendant, as required by the Third Circuit precedent:

> In *Vella* [*U.S. v. Vella*, 562 F.2d 275 (3d Cir. 1977)] and *Ammar* [*U.S. v. Ammar*, 714 F.2d 238 (3d Cir. 1983)], we

---

[2] The term "government agents" refers to all federal, state, local and foreign law enforcement officers and employees; investigators; cooperating witnesses; informants; and other persons whose notes are in the possession or control of any law enforcement officer, including any prosecutor, and including any cooperating witness or informant.

13

> explained the requirement for retaining rough notes of interviews in such unambiguous terms that it would be futile to try to elucidate further here, for what we meant cannot be stated more clearly. *See Ammar*, 714 F.2d at 259 ("the government must retain and, upon motion, make available to the district court both the rough notes and the drafts of reports of its agents to facilitate the district court's determination whether they should be produced"); *Vella*, 562 F.2d at 276 ("rough interview notes should be kept and produced").

*U.S. v. Ramos*, 27 F.3d 65, 68 (3d Cir. 1994).

If Mr. Barretta's constitutional rights to due process, fair trial, and confrontation are to be protected, those notes and draft reports must be preserved and reviewed. The rough notes and draft reports may at any point in the proceedings, based upon the development of information or testimony, become material to which the defendant is entitled under *Brady v. Maryland*, 373 U.S. 83 (1963), the *Jencks* Act (18 U.S.C. § 3500), Federal Rule of Criminal Procedure 16, or for cross-examination and impeachment purposes.

The defense requests that the government be required to produce to the Court for review, all rough notes and draft reports of interviews of government witnesses and others for exculpatory and impeachment material. The government and the Court, pursuant to *Brady*, *Giglio* and their progeny, are requested specifically to review such notes for the following, among any other obviously exculpatory or impeachment evidence:

- any information in rough notes or draft reports which is not included within law enforcement reports which corresponds to the interview or event described in the notes or draft reports;

- all rough notes or draft reports in which information appears within a law enforcement report which corresponds to the interview or event described in the notes or draft reports, but where the information in the report does not appear within the notes or draft reports;

- all rough notes or draft reports in which information appears within the notes or draft reports that is inconsistent with the information contained in a law enforcement report which corresponds to the interview or event described in the notes.

The United States Court of Appeals for the Third Circuit expressly has held that rough interview notes of law enforcement agents must be kept and produced so that the trial court can determine whether the notes should be made available to the defense pursuant to *Brady*. *U.S. v. Vella*, 562 F.2d 275, 276 (3d Cir. 1977) (adopting precepts announced in *U.S. v. Harrison*, 524 F.2d 421 (D.C. Cir. 1975), *cert denied*, 434 U.S. 1074 (1978)). *See also U.S. v. Harris,* 543 F.2d 1247, 1252-53 (9th Cir. 1976) (holding original interview notes of FBI agents must be preserved).

Similarly, the United States Court of Appeals for the Third Circuit has applied the rationale of *Vella* to hold that the government must retain and upon motion make available to the District Court the drafts of agents' reports -- as well as their rough notes -- so the court may determine whether the draft

15

reports should be produced to the defendant. *U.S. v. Ammar*, 714 F.2d 238, 259 (3d Cir. 1983). If agents are permitted to destroy their rough notes and draft reports, government will have usurped the function of the Court, and the defendant will be denied fundamental constitutional rights. *Cf. U.S. v. Starusko*, 729 F.2d 256, 261 (3d Cir. 1984) (court, not government must decide when to turn over *Brady* material).

Therefore, the Court should order the government to direct and insure that the rough notes and draft reports of all government agents involved in the instant investigation or prosecution are preserved.

**VI. THE COURT SHOULD SUPPRESS ALL INFORMATION, RECORDINGS AND DATA OBTAINED FROM WIRETAPS OF TELEPHONE NUMBER ▇▇▇▇-7910 BECAUSE OF FAILURE TO PROVIDE NOTICE WIHTIN THE TIME PERIOD REQUIRED BY 18 U.S.C. § 2518(8)(d)**

An intercepted person is entitled to notice of having been intercepted as follows:

> **Within a reasonable time but not later than ninety days after the filing of an application** for an order of approval under section 2518(7)(b) which is denied or the termination of the period of an order or extensions thereof, the issuing or denying judge shall cause to be served, on the persons named in the order or the application, and such other parties to intercepted communications as the judge may determine in his discretion that is in the interest of justice, an inventory which shall include notice of-
> (1) the fact of the entry of the order or the application;

16

>       (2) the date of the entry and the
> period of authorized, approved or
> disapproved interception, or the denial of
> the application; and
>       (3) the fact that during the period
> wire, oral, or electronic communications
> were or were not intercepted.

18 U.S.C. § 2518(8)(d)(bold added).

The last Title III wiretap extension application and order regarding telephone number ▇▇▇▇-7910, which telephone number is allegedly associated with defendant Barretta (among other persons) was signed April 17, 2017. That Order provided that the requisite notice could be delayed for a period not to exceed 120 days from the date that the order is entered (again April 17, 2017). 4/17/17 Order (Pratter, J.). That 120-day period ended on August 15, 2017. Defendant Barretta was not provided the requisite notice under 18 U.S.C. § 2518(8)(d) until August 16, 2018, which is 366 days beyond the extended deadline set forth in the April 17, 2017 Order.[3]

As a result of that violation, all information, recordings and data obtained from wiretaps of telephone number 267-516-7910 as to Louis Barretta should be suppressed and inadmissible at any trial in which he is a defendant. The above-referenced delay in providing the notice was unreasonable, and in violation of

---

[3] Defendant Barretta is unable presently to locate the Notice provided, but such was hand-delivered by agents and defendant recollects the date specifically for that reason.

17

the statutory mandate. *See U.S. v. Cafero*, 473 F.2d 489, 500 (3d Cir. 1973) ("It would appear that in the literal context of the Fourth Amendment, postsearch notice of an electronic interception may properly relate only to the issue of "reasonableness" in the conduct of "searches and seizures. … If, in a given case, there is undue delay, that contention may be pressed in an appropriate averment alleging non-compliance with the statute. The vice of unreasonable delay is a factor to be measured within the contours of the statute, and should not be used to shape those contours into an unconstitutional form." ")

## VII. DEFENDANT BARRETTA SHOULD BE PERMITTED TO JOIN IN ALL APPLICABLE MOTIONS FILED BY HIS CODEFENDANT

Defendant Louis Barretta respectfully requests that the Court permit him to join in all applicable motions made by co-defendants in this case.

## VIII. DEFENDANT BARRETTA SHOULD BE PERMITTED TO FILE ADDITIONAL MOTIONS IF NECESSARY OR APPLICABLE

Defendant Barretta respectfully seeks permission to reserve the right to file additional motions which become necessary or applicable based on additional information received. To date, no *Jenks* (18 U.S.C. § 3500) material or identified *Brady* or *Giglio* materials have been provided. Under Federal Rule of Criminal Procedure 12(f) the Court may grant leave to file motions previously not raised for good cause shown. The discovery or

18

disclosure of new information necessitating such motions would constitute good cause, as would additional information emanating from any evidentiary hearings.

                              Respectfully submitted,

                              /s/ ***Rocco C. Cipparone Jr.***

                              Rocco C. Cipparone, Jr.
                              Attorney for Defendant Barretta

Dated: March 4, 2022